FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 JUL 11 PM 3:12
CLERK J Burton
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CR 318-02 |
| MARK GRIFFIS, | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant Mark Griffis' Motion for a Judgment of Acquittal. (Doc. No. 55.) For the reasons stated herein, Defendant's motion is **DENIED**.

## I. BACKGROUND

On February 7, 2018, Defendant was indicted for Conspiracy, 18 U.S.C. § 371, and Falsification of Records, 18 U.S.C. § 1519. (Doc. No. 1.) The Government accused Defendant of attempting to circumvent Federal Motor Carrier Safety Administration regulations by providing pre-signed Medical Examination Certificates - required by the FMCSA - to Joe Carol White, a person not authorized to perform medical examinations.

Defendant was tried before a jury and convicted of conspiracy to falsify documents, Count One of the Indictment. On June 21, 2018, Defendant filed a Motion for a Judgment of Acquittal. (Doc. No. 55.) Defendant argues that there was insufficient evidence to sustain a conviction because

Defendant provided unrebutted testimony that, as a physician, he could delegate physical exams to a subordinate without regard to that subordinate's medical training. (Id. at 1-2.) Additionally, Defendant claims that because the evidence showed that Ms. White told Defendant that she was certified to perform Department of Transportation ("DOT") physicals, there was insufficient evidence show that Defendant had the intent to participate in a conspiracy. (Id.)

## II. DISCUSSION

### A. Legal Standard

A motion for acquittal is governed by Federal Rules of Criminal Procedure 29. "The sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain the conviction." United States v. Miranda, 425 F.3d 953, 963 (11th Cir. 2005) (citation omitted). In contrast to an analysis under Federal Rules of Criminal Procedure 33, when considering the sufficiency of evidence under Rule 29, the Court must construe the evidence in the light most favorable to the Government. United States v. Taylor, 972 F.2d 1247, 1250 (11th Cir. 1992). It is not the function of the Court, when ruling on such a motion, to assess the credibility of witnesses, weigh the evidence, or substitute its own judgment as to guilt or innocence for that

of the jury. United States v. Brown, 587 F.2d 187, 190 (5th Cir. 1979) (internal quotation marks omitted). A motion for acquittal is only granted if a rational jury could not have found guilt beyond a reasonable doubt. Miranda, 425 F.3d at 959 (citation omitted).

**B. Discussion**

Defendant was convicted of conspiracy to falsify documents pertaining to DOT mandated medical examinations of the holders of commercial driver's licenses, in violation of 18 U.S.C. § 371. To convict Defendant, the Government was required to prove four elements: (1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan, as charged in the indictment; (2) that Defendant, knowing the unlawful purpose of the plan, willfully joined it; (3) that one of the conspirators during the existence of the conspiracy knowingly committed at least one overt act described in the indictment; and (4) that such overt act was committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy. United States v. Adkinson, 158 F.3d 1147, 1153 (11th Cir. 1998).

After reviewing the evidence, the Court is convinced that a reasonable jury could find that Defendant was engaged in a conspiracy to falsify documents. Defendant's argument that

he, as a doctor, could delegate examinations to any subordinate is meritless. Whether examinations needed to be performed by a licensed provider is a legal question and pursuant to 49 C.F.R. § 390.5, a medical examination performed before May 21, 2014 needed to be conducted by a person licensed to perform physicals under state law. See 49 C.F.R. § 390.5 (2012). Given that the record showed that Ms. White had no such license, Defendant was not authorized to have Ms. White perform DOT physicals.

Defendant's second argument – that he lacked the requisite intent due to Ms. White's representation that she was qualified to perform DOT physicals – is similarly unfounded. Even if there was no direct evidence to contradict that Ms. White misrepresented her qualifications, the Government presented evidence that Defendant signed examination certifications stating that he had conducted exams that were actually performed by Ms. White. A reasonable jury could infer from this evidence that Defendant knew Ms. White was not qualified to perform DOT physicals.

### III. CONCLUSION

There was sufficient evidence in the record to find that Defendant participated in a conspiracy to falsify documents pertaining to DOT mandated medical examinations. Therefore,

4

upon due consideration, Defendant's Motion for a Judgment of Acquittal (doc. no. 55) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of July, 2018.

_____
UNITED STATES DISTRICT JUDGE